FILED IN OPEN COURT
U.S.D.C ATLANTA
Date: Mar 31 2025
KEVIN P. WEIMER, Clerk
By: Jordyn Holder
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

DESHAWN WILSON

Criminal Information

No. 1:25-cr-0131

THE UNITED STATES ATTORNEY CHARGES THAT:

**Count One**

(Making False Statement to Licensed Firearms Dealer – 18 U.S.C. § 922(a)(6))

1. On or about each date alleged in Column B below, in the Northern District of Georgia, the defendant, DESHAWN WILSON, aided and abetted by others, known and unknown, knowingly made a false and fictitious written statement to the licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code

| Column A | Column B | Column C |
|---|---|---|
| **Date** | **Licensed Firearms Dealer** | **Firearm(s) Acquired by Defendant** |
| 5/18/21 | Bullseye Indoor Range & Gun | HS Produkt Hellcat |

**Count Two**

Wire Fraud

(18 U.S.C. § 1343)

2. From on or about April 20, 2021, and continuing until at least on or about May 12, 2021, within the Northern District of Georgia and elsewhere, the defendant, DESHAWN WILSON, knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omissions of material facts, well knowing and having reason to know that said pretenses representations, and promises were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and in so doing, with the intent to defraud, caused interstate wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

**Background**

It is relevant to the Information that during the above-listed time period:

3. WILSON, at various times a resident of Baltimore, Maryland and Buford, Georgia, submitted a Paycheck Protection Program (PPP) loan application on April 23, 2021 under the business name Deshawn Wilson. There were no businesses registered by WILSON with either Maryland or Georgia at this time.

4. The United States Small Business Administration ("SBA") is an executive branch agency of the United States government that provides support to

entrepreneurs and small businesses. The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

5. As part of this effort, the SBA enables and provides for loans through banks, credit unions, and other lenders. These loans have government-backed guarantees.

6. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or about March 2020 designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic.

7. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses through a program referred to as the Paycheck Protection Program ("PPP"). Congress has since increased the authorization amount for PPP loans to over $813 billion. To qualify for the PPP, eligible small businesses must have been in operation on or before February 15, 2020, maintained employees, and realized monthly payroll costs.

8. To obtain a PPP loan, a qualifying business must submit a PPP loan application, which is signed by an authorized representative of the business. The PPP loan application requires the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, a small business (through its authorized

representative) must state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures are used to calculate the amount of money the small business is eligible to receive under the PPP. In addition, businesses applying for a PPP loan must provide documentation of their payroll expenses.

9. A PPP loan application must be processed by a participating lender. If a PPP loan application is approved, the participating lender funds the PPP loan using its own monies, which are 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, is transmitted by the lender to the SBA while processing the loan.

10. PPP loan proceeds must be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allows the interest and principal on the PPP loan to be entirely forgiven if the business spends the loan proceeds on these expense items within a designated period after receiving the proceeds and uses a certain amount of the PPP loan proceeds on payroll expenses.

**Manner and Means**

11. The manner and means by which WILSON carried out the scheme to defraud included the following:

12. WILSON submitted and caused to be submitted to Benworth Capital a loan application for a business that did not exist. The application falsely

created the appearance that WILSON owned and operated a business prior to February 15, 2020 and generated $98,350 in gross income. False and fraudulent documents were also submitted by WILSON, including a 2019 Schedule C (Profit or Loss From Business) claiming the earnings of $98,350, expenses of $37,877, and profit of $60,473.

13. The PPP loan application stated the business was established January 1, 2018 and had one employee.

14. On or about April 20, 2021 and April 23, 2021, WILSON accessed Bentworth Capital's loan portal via the Internet to upload and sign documents related to the PPP loan. On or about May 10, 2021, based on WILSON's false and fraudulent misrepresentations, Benworth Capital approved and funded a PPP loan for WILSON in the amount of $20,489.00. On or about May 12, 2021, the PPP funds were electronically deposited into Navy Federal Credit Union account #XXX974 controlled by WILSON in the name of Deshawn C Wilson. After receiving the proceeds of the PPP loan into Navy Federal Credit Union account WILSON purchased a number of firearms with the funds

.

**Execution of the Scheme**

15. On or about the date set forth below, in the Northern District of Georgia and elsewhere, DESHAWN WILSON, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, with intent

to defraud, did cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, and sounds, as described below:

| | Date | Wire |
|---|---|---|
| **Count 2** | April 23, 2021 | Submission of PPP loan application by defendant WILSON to Benworth Capital. |

All in violation of Title 18, United States Code, Section 1343.

**Forfeiture Provision**

16. Upon conviction of the violation of Title 18, United States Code, Section 1343 charged in Count One, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(2) and Title 28, United States Code, Section 2461(c), all property constituting or derived from proceeds obtained, directly or indirectly, as a result of such violation, including, but not limited to, the following:

a. MONEY JUDGMENT: For the proceeds that the defendant obtained as a result of the offense charged in Count Two.

17. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third person;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

18. Upon conviction of one or more of the offenses alleged in Count Two of this Information, the defendant, DESHAWN WILSON, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including, but not limited, to the following:

    a. MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count Two of this information.

19. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty;

the United States of America intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and

Title 18 United States Code, Section 982(b)(1), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

RICHARD S. MOULTRIE, JR.
*Acting United States Attorney*

Dashene A. Cooper
DASH A. COOPER
*Assistant United States Attorney*
Georgia Bar No. 385738
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000